# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 22-7170**                                           **September Term, 2022**

**1:22-cv-03162-UNA**

**Filed On:** June 16, 2023

Denys Namystiuk,

      Appellant

   v.

Russian Federation and Vladimir Putin,
Commander-in-Chief of the Armed Forces of
Russian Federation,

      Appellees

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Millett and Pillard, Circuit Judges, and Sentelle, Senior Circuit
Judge

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's November 17, 2022, order be affirmed. The Foreign Sovereign Immunities Act ("FSIA"), "if it applies, is the 'sole basis for obtaining jurisdiction over a foreign state in federal court.'" Samantar v. Yousuf, 560 U.S. 305, 314 (2010) (quoting Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. 428, 439 (1989)); see 28 U.S.C. §§ 1330(a), 1604; see also Samantar, 560 U.S. at 324–25 (recognizing that some actions against foreign officials, which are not covered by the plain text of the FSIA, should nevertheless be dismissed pursuant to the FSIA because they "should be treated as actions against the foreign state itself, as the state is the real party in interest"). The district court properly dismissed appellant's complaint for lack of jurisdiction because he failed to allege facts that could support the inference that any of the exceptions to sovereign immunity enumerated in the FSIA applies. See Simon v. Republic of Hungary, 812 F.3d 127, 141 (D.C. Cir. 2016).

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

## No. 22-7170

## September Term, 2022

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

### <u>Per Curiam</u>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
Daniel J. Reidy
Deputy Clerk